MARY GREEN *v.* JOHN GREEN.

On a final decree in a suit for separation against the husband the court may direct the payment by the defendant of a sum, by way of counsel fee, to the plaintiff's attorney for services performed by him in the cause. The power of the court, conferred by statute, to require such payment in an action for divorce "during its pendency," is not taken away by the final decree in the cause.

The amount required to be paid to the wife, in a suit for divorce or separation, to enable her to carry on the suit, is discretionary with the judge, and cannot be reviewed on appeal.

APPEAL by the defendant from a part of a final decree, entered at special term.

The action was brought to obtain a decree of separation.

Before issue was joined an order was made allowing the plaintiff alimony *pendente lite,* and also the sum of $250 *toward* defraying her necessary costs, expenses and counsel fees. The action was never tried. The plaintiff made overtures of settlement, which were acceded to by the defendant, but the plaintiff's attorney refused to consent to a discontinuance of the action unless the defendant would pay him an additional counsel fee. Upon affidavits stating these facts the defendant moved for an order to discontinue and settle the action.

Upon such motion being heard, it being made to appear that the parties had agreed to a settlement of the case, a decree was entered, upon motion of the defendant's attorney, in accordance with the terms of the settlement, and in that decree

the court granted an additional allowance of $750, by way of counsel fee to the plaintiff's attorney.

From that part of the decree granting the additional allowance this appeal is taken.

*A. H. Reavey*, for appellant.

*Edward Fitch*, for respondent.

BY THE COURT.*—VAN BRUNT, J.—The appellant asks to have the allowance of counsel fee stricken out of the decree in this action, upon two grounds, first, because the court had no power to insert an allowance for counsel fees in the final decree of separation, and, second, because the allowance is excessive. I will first consider the question as to the power of the court to make the allowance. The language of the statute is as follows:

" In every suit brought either for a divorce or a separation the court may, in its discretion, require the husband to pay any sums necessary to enable the wife to carry on the suit during its pendency."

It is claimed by the appellant that this section gives the court no power by its final decree to direct the payment by the defendant of any sum to the plaintiff's attorney as a counsel fee, because the decree being a final decree the action was thereby terminated.

This view of the statute is predicated upon the assumption that under the statute the court cannot make any allowance to an attorney for services already performed in an action for a divorce or separation. Such an allowance is made just as much to enable the wife to carry on the suit as though it were made in advance of any service being rendered, because the services of the counsel are rendered in anticipation of such an allowance, as it in most cases is the only way in which they can receive compensation. After the services have been rendered the court can the better determine the amount at which such

---

* Present—Daly, Ch. J., Loew and Van Brunt JJ.

an allowance ought to be fixed, because then they are fully aware of the nature of the services, and the character of the litigation, of which it must be almost entirely ignorant at the commencement of the action.

It therefore seems to me that under the section referred to the court has the power to make an allowance to counsel for past services.

' That such an allowance is inserted in the final decree does not take away the power of the court to make it.

At the time the allowance is made by the court the action is still pending, and cannot be said to be finally determined, not only not until after the entry of the decree but also not until the right to appeal therefrom has been lost by lapse of time or other cause.

The Court of Chancery always made a provision for counsel fee and alimony in the final decree (*Graves* v. *Graves*, 2 Paige, 62), and I can find no case in which the power of the court has been questioned.

The amount of the allowance was entirely in the discretion of the judge who directed the entry of the judgment.

It is impossible for us to judge upon this appeal upon what basis such an allowance was made, and although it may appear somewhat large, yet if we were cognizant of all the facts which were before the court below, we might unhesitatingly concur in its justice.

It will be noticed that the decree was made upon a motion made by the defendant to *discontinue* the action, and it would thus appear that this being found to be an impracticable method of carrying out the terms of the settlement arranged between the parties, all the questions involved were submitted to the court, and the court made the decree it did in view of the facts of the case.

The judgment must be affirmed with costs.

                                        Judgment affirmed.