ANNIE SMITH, Respondent, v. PHILIP SMITH,
Appellant.

*Costs — power of the court to compel the payment of, on the settlement of an action
for a separation.*

After the commencement of this action, brought by the plaintiff to procure a sepa-
ration from the defendant, her husband, on account of his cruel and inhuman
treatment of her, an agreement was made by which she was to return to and live
with him as her husband, and he was to pay the costs and expenses of her
attorney.   After the plaintiff had returned to her husband the husband served
a verified answer in the action and refused to pay to the plaintiff's attorney his
costs and expenses:

*Held*, that the court had power, upon the application of the plaintiff, to compel
him to pay the costs and expenses of the action as fixed by the court.

Appeal from an order of the Special Term directing the payment
of costs and counsel fees to the plaintiff's attorney.

*William H. Newman*, for the appellant.

*Wm. M. Roberts* and *Scott Lord*, for the respondent.

Davis, P. J. :

This action was brought by the respondent against the appellant,
her husband, for a separation from bed and board for cruel and
inhuman treatment.   After the commencement of the action an
agreement was made between Mrs. Smith and her husband by which
she was to return to his bed and board upon certain conditions not
fully set forth in the case before us.   She makes an affidavit that it
was a part of the agreement that he should pay the costs and
expenses of the suit to her attorney.   And she requested her
attorney to send his bill to the defendant.   This was done but the
bill was not paid.   Several days after the arrangement between the
parties and the return of the wife to her husband, he put in a veri-
fied answer to the complaint in the action.   This fact shows that
he did not understand that the suit was discontinued, but intended
to litigate it notwithstanding the arrangement between him and his
wife.   The suit has not in fact been discontinued.   A motion was
made at Special Term on behalf of the attorney for an order direct-
ing the defendant to pay the costs of the plaintiff's attorney.   This

was denied, and it would seem that the denial was made on the ground that the attorney could not make such a motion on his own behalf. On the same and additional papers, and before the same judge, the present motion was made on behalf of Mrs. Smith, the plaintiff in the action. On this motion the court held that the agreement of the defendant with his wife to pay the costs and expenses of the action was in fact made, and ordered a reference to take proofs as to what amount should be allowed for such costs and expenses. A hearing was had before the referee which resulted in a report to the effect that the reasonable charges for attorney fees and counsel in the case were the sum of $250; and on a further hearing at Special Term the court ordered that defendant pay the amount reported, with referee's fees and costs of the motion, amounting on the whole to the sum of $341, and from this order the appeal is taken.

W. think the order should be affirmed. The action was not discontinued. It may be that it cannot be further successfully prosecuted because of the agreement of settlement between the parties, but it is another question whether the authority of the court over it touching the question of costs does not exist so far as to enable it to compel the defendant to carry out that part of the agreement which relates to the costs for the purpose of protecting the plaintiff and her attorney. There is surely no equitable or moral reason why the defendant should not pay the costs as agreed by him, since thereby in part, he secured the return of plaintiff to her relations of wife to him, and the advantage that follows therefrom in the still pending litigation. The plaintiff should not be turned over to a suit on the agreement because by his own act the defendant, by answering in the action subsequently to the agreement, has elected to keep it in life and has enabled the plaintiff to move against him in relation to the costs and expenses of conducting the suit. The defendant cannot now get the action out of court without doing what is just and right touching the matter of the plaintiff's costs and expenses. And the agreement to pay them may properly come into the consideration of the court in determining that question. The case is not like that of *Chase* v. *Chase* (29 Hun, 527). It is more analogous to the case of *Green* v. *Green* (40 How. Pr., 465), where the General Term of the Court of Common Pleas held that

on a motion by a defendant for settlement and discontinuance of of such an action the court might adjudge the payment of costs and reasonable counsel fees to plaintiff.

The subject of the power of courts of equity in actions for divorce and separate maintenance is elaborately and ably discussed by Rapallo, J., in *Griffin* v. *Griffin* (47 N. Y., 137–142), and we see no difficulty in deducing the authority of the Special Term to make the order in this case from the practice and principles announced in that.

The order should however, we think, have directed that on payment of the amount ordered the action should be discontinued. With that modification it should be affirmed, with ten dollars costs and disbursements of the appeal to the respondent.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.